IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
Hattiesburg Division



**MASONITE CORPORATION,**

        Plaintiff,

v.

**JELD-WEN, INC.**

        Defendants.

Case No.

2:06cv184

COMPLAINT FOR PATENT INFRINGEMENT; JURY TRIAL DEMANDED

Masonite Corporation ("Masonite") for its Complaint against Jeld-Wen, Inc., hereby avers that:

1. Masonite is a corporation of the State of Delaware and has a place of business at 1001 S 4th Ave, Laurel, MS 39440, within this district.

2. Jeld-Wen, Inc. ("Jeld-Wen") is, upon information and belief, a corporation of Oregon having an address of 3303 Lakeport Boulevard, Klamath Falls, Oregon 97601.

3. Upon information and belief Jeld-Wen is licensed with the Mississippi Secretary of State to do business within Mississippi and is doing business within Mississippi.

4. This is a complaint for patent infringement and this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

5. Venue is proper pursuant to 28 U.S.C. §§ 1391 and 1400.

6. On March 30, 1999, U.S. Patent No. 5,887,402 ("the '402 patent") was duly and lawfully issued to Masonite as assignee for an invention entitled "Method Of

Producing Core Component, And Product Thereof". A copy of the '402 patent is appended hereto as Exhibit A.

7. Masonite has been and still is the owner of the '402 patent.

8. The '402 patent is in full force and effect.

9. Masonite has given Jeld-Wen written notice of the '402 patent.

10. Jeld-Wen has been and still is infringing the '402 patent by making, offering to sell, and selling doors within this district embodying the patented invention and will continue to do so unless enjoined by this Court.

11. Upon information and belief, Jeld-Wen's infringement of the '402 patent has been willful.

WHEREFORE,

Masonite demands as judgment against Jeld-Wen:

1. A preliminary injunction enjoining Jeld-Wen and those in concert and participation with it from infringing the '402 patent (35 U.S.C. § 283);

2. A permanent injunction enjoining Jeld-Wen and those in concert and participation with it from continuing to infringe the '402 patent (35 U.S.C. § 283);

3. Damages of no less than a reasonable royalty for infringement of the '402 patent (35 U.S.C. § 284);

4. A finding that this case is exceptional (35 U.S.C. § 285);

5. Increased and trebled damages on account of willful infringement (35 U.S.C. § 284);

6. Attorney fees (35 U.S.C. § 285);

7. Its costs; and

8. Such other and further relief as the Court deems appropriate.

Masonite demands a trial by jury pursuant to Rule 38, Fed. R. Civ. P.

Respectfully submitted,

_____
Michael Gwin  (MSB # 5086)
Watkins & Eager PLLC
400 East Capitol Street, Suite 300
Jackson, MS  39201
Direct:  601.965.1972
General:  601.948.6470
FAX:       601.354.3623
Email:  MGwin@WatkinsEager.com


Of Counsel

Joseph W. Berenato, III
Berenato, White & Stavish, LLC
Suite 240
6550 Rock Spring Drive
Bethesda, Maryland 20817
General: (301) 896-0600
Fax: (301) 896-0607
E-mail: jberenato@bwsiplaw.com