IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

MASONITE CORPORATION                                                    PLAINTIFF

VS.                                              CIVIL ACTION NO. 2:06cv184-KS-MTP

JELD-WEN, inc.                                                          DEFENDANTS

## OPINION AND ORDER

THIS MATTER is before the court on the Motion [12] of defendant Jeld-Wen, inc. ("JELD-WEN") to transfer venue, and the court having considered the motion, the submissions of the parties and the applicable law finds that the motion should be GRANTED.

**Background**

In this patent infringement matter, Plaintiff Masonite Corporation ("Masonite") accuses JELD-WEN of infringing United States Patent No. 5,887,402 ("the 402 patent") of which Masonite is assignee. The patent relates to a method of producing a core component used in manufactured doors. JELD-WEN contends that the 402 patent has not been infringed and that one or more claims of the 402 patent are invalid and/or unenforceable. JELD-WEN has counterclaimed seeking declaratory relief to that effect.

Masonite is a Delaware corporation and maintains its principal place of business in Tampa, Florida. JELD-WEN is headquartered in the State of Oregon. Both parties maintain a place of business in Mississippi. Masonite has a door components facility in Laurel, Mississippi, and JELD-WEN has a distribution center in Jackson, Mississippi.

**Legal Standards and Factors to be Considered**

Defendant JELD-WEN moves the court to transfer this case to the Northern District of Illinois pursuant to 28 U.S.C. § 1404(a). The parties do not dispute that venue is proper in the Southern District of Mississippi, rather JELD-WEN contends that the Northern District of Illinois is a more convenient and appropriate forum and that the interests of justice would be

better served by transferring this matter to the Northern District of Illinois.

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "Whether to transfer venue under § 1404(a) is within the trial court's sound discretion." *Mohamed v. Mazda Corp.*, 90 F.Supp.2d 757, 768 (E.D. Tex. 2001). The court must first determine whether the claim could have been filed in the judicial district to which transfer is sought. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). Next, the court must examine the "convenience of the parties and witnesses" which requires consideration of several private and public interest factors. *Id*.

The private factors include: (1) the relative ease of access to sources of proof; (2) the availability of the compulsory process to secure witnesses' attendance; (3) the willing witnesses' cost of attendance; and (4) all other practical problems that make the trial easy, expeditious, and inexpensive. *Id*. The public factors include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having local issues decided at home; (3) the forum's familiarity with the governing law; and (4) the avoidance of unnecessary conflict of law problems involving foreign law's application. *Id*.

A court must consider these factors in light of all the claims alleged in the case and not restrict its analysis to only the plaintiff's claims. *In re Volkswagen AG*, 371 F.3d at 204. Additionally, the court must consider the plaintiff's choice of forum, but the plaintiff's forum choice itself is not conclusive or determinative. *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003).

"Once the Court has determined that an adequate, available forum exists, the next step is to proceed to a balancing of the public and private interest factors, bearing always in mind that unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Syndicate 420 at Lloyd's London v. Early Am. Ins. Co.*, 796 F.2d 821, 828

(5th Cir.1986) (internal quotations omitted).

## ANALYSIS

In this case, the parties agree that venue is proper in this district and it is clear that the case could have been brought in the Northern District of Illinois. The parties disagree over whether the case should be transferred to the Northern District of Illinois. Therefore, the court must weigh the relevant factors.

**Private Interest Factors**

(1) *Sources of Proof*

JELD-WEN argues that Illinois is the more convenient venue regarding sources of proof in that more witnesses are located in Illinois, and documents relating to this case are likely more accessible in Illinois. The defendant further reminds the court that Masonite was headquartered in Illinois when the patent was obtained and that "the invention of the '402 patent was invented in Illinois." JELD-WEN contends that "Masonite's business documents and research and development information are probably located in Illinois" and not in Mississippi and because the parties in this case "will likely be producing hundreds of thousands, if not millions of pages of documents," the Illinois forum is more convenient. Memorandum [13] at 10, Reply [17] at 7.

Masonite counters that this issue is of only slight significance due to the increasing ease of storing, copying and transporting documents. However, the location of the sources of proof remains a relevant factor for the court to consider. Masonite does not squarely address where it believes the relevant documents are located and simply suggests that documents are likely to be located in a number of places throughout the country. This factor favors transfer. *See Paul v. International Precious Metals Corp.*, 613 F. Supp. 174, 180 (S. D. Miss. 1985).

Additionally, JELD-WEN claims that many of the potential witnesses, including third party witnesses, "are highly concentrated in Illinois and the surrounding area and are, thus, more accessible in Illinois courts than Mississippi courts." Memorandum [13] at 9. The convenience

of party and non-party witnesses is the most significant factor in considering a §1404(a) transfer motion. *Id.*, at 179.  JELD-WEN contends that it will call a number of witnesses from Illinois including the Masonite employees who work in the Masonite Research and Development facility located in the Northern District of Illinois, the inventors of the 402 patent, and the attorney and law firm that prosecuted the 402 patent application.

JELD-WEN establishes that three[1] out of the five inventors reside in Illinois and they "will undoubtedly be knowledgeable about the 402 patent and have information pertinent to invalidity and unenforceability." Memorandum [13] at 9. "They will be needed to testify on the issues of invalidity and, potentially, inequitable conduct." *Id.* JELD-WEN also identifies James Zeller, an attorney at a Chicago law firm, as a witness who would have information regarding events that took place prior to the issuance of the patent. Zeller drafted the patent application.

Masonite argues against transfer because "many potential witnesses are located in Mississippi, including those that work at the Laurel facility as well as JELD-WEN's employees at its Jackson facility." Plaintiff's Response [16] at 11.

JELD-WEN'S particularized showing that key individuals with relevant information are found in Illinois and the surrounding area far outweighs Masonite's generalized assertion that potential witnesses are located in Mississippi and that Masonite employs a number of Mississippians. Thus, this factor also weighs in favor of transfer.

(2) *Compulsory Process*

"Courts have held that a party should not be required to try his case with depositions rather than live witnesses. This is especially true when the qualitative value of the witnesses' testimony is high." *Sorrels' Steel Co., Inc. V. Great Southwest Corp.*, 651 F.Supp. 623, 628 (S.D. Miss. 1986). JELD-WEN argues that the "location of, compulsory process over, and attendance

---

[1]JELD-WEN contends that another inventor resides nearby in the state of Michigan. Memorandum [13] at 9. None of the inventors reside in Mississippi.

costs for potential witnesses" favors transfer and reminds the court of the key witnesses in the Northern District of Illinois. Reply [17] at 3. JELD-WEN concedes that not all witnesses have been identified at this early stage, but contends that "many will be concentrated in the Chicago area" and cannot be compelled to attend trial. *Id.* at 11.

However, witnesses in patent cases typically come from all over the country or world. *Symbol Technologies, Inc. v. Metrologic Instruments*, 450 F. Supp. 2d 676 (E.D. Tex. 2006). "Thus, regardless of where the trial is held, many witnesses, including third-party witnesses, will likely need to travel a significant distance." *Id.* at 679, *citing Network-1 Sec. Solutions, Inc. v. D-Link Corp.*, Misc. No. 822, 2006 WL 1582211(Fed. Cir. June 2, 2006). Moreover, if this court cannot compel a witness's attendance at trial, neither party is prevented from using the witness's videotaped deposition at trial.

JELD-WEN has demonstrated that specific key witnesses are located in and around Illinois, including the patent inventors. Masonite counters that "the inventors of the '402 patent still employed by Masonite regularly travel to Laurel...." Plaintiff's Response [16] at 2. Masonite does not clearly state where these employees reside. However, it is clear that they do not reside in this district. This factor favors transfer.

(3) *Witnesses' Cost of Attendance*

JELD-WEN argues that the cost for having willing third party witnesses and party witnesses testify live will be much lower if venue is transferred. The court agrees that this factor slightly favors transfer given the location of the specific witnesses identified at this point.

(4) *Other Practical Problems*

Defendant contends that the Northern District of Illinois is "simply a much more accessible venue for all involved" taking into account its central location for the attorneys and parties and the difficulty in transporting the parties, attorneys, and witnesses to Mississippi, as opposed to Chicago. Memorandum [13] at 13. While, it may well be somewhat more convenient

to book flights to Chicago rather than Hattiesburg, Mississippi this factor does not favor transfer.

**Public Interest Factors**

(1) *Local Interest*

The Supreme Court has determined one of the public factors to be the "local interest in having localized controversies decided at home." *Piper Aircraft Co. v. Reyno*, 454 235, 241 n.6, 102 S.Ct. 252 (1981).  JELD-WEN disputes Masonite's claim that the local interest concerning this litigation disfavors transfer because "while Mississippi may have once been the manufacturing state for Masonite's door cores, it is, admittedly, no longer that state." Reply [17] at 8.  Masonite disputes this argument and contends that "Masonite's Laurel facility is its largest door components facility, employing more than eight hundred (800) people" and that "the 402 patent products were tested and manufactured at its Laurel facility." Plaintiff's Response [16] at 18.

However, it appears that both companies operate on a global scale with facilities throughout the country.  Neither company is headquartered in Mississippi.  While each company has a facility in the Southern District of Mississippi and employs a number of Mississippians, there does not appear to be any particular local interest at stake which would weigh against transfer.  This factor is neutral.

(2) *Administrative Difficulties*

The court considers the administrative difficulties to be a neutral factor given that the median times from the filing of a civil case to final disposition in the Southern District of Mississippi and the Northern District of Illinois are remarkably similar.[2]

*(3) Forum's Familiarity with the Governing Law and (4) Conflict of Law Problems*

The court agrees with the parties' assessment that these factors are not applicable in this

---

[2]Plaintiff's Response [16], Exhibit A at 12-13. (25.5 months in the Southern District of Mississippi versus 26.4 months in the Northern District of Illinois)

case.

## CONCLUSION

Having considered the relevant factors, the court finds them to clearly weigh in favor of transfer as set forth herein. Accordingly, the defendant's Motion [12] To Transfer Venue should be GRANTED.

IT IS, THEREFORE, ORDERED that defendant JELD-WEN's Motion to Transfer pursuant to 28 U.S.C. § 1404 (a) is granted.

IT IS FURTHER ORDERED that after ten days form the filing of this Opinion and Order, the Clerk of the Court shall transfer this cause to the United States District Court for the Northern District of Illinois if no appeal to the District Judge is filed.

SO ORDERED, the 2nd  day of March, 2007.

                                              s/ Michael T. Parker

                                              United States Magistrate Judge